**BOARD OF TRUSTEES OF EMPLOYEES RETIREMENT SYSTEM OF TEXAS et al. v. FARRAR et al.**

No. 9935.

Court of Civil Appeals of Texas. Austin.

Feb. 7, 1951.

Rehearing Denied Feb. 21, 1951.

Price Daniel, Atty. Gen., Chester E. Ollison, Clyde Kennelly, and Burnell Waldrep, Assts. Atty. Gen., by Chester E. Ollison, for appellants.

Gus Farrar, W. P. Watts, and Scott Gaines, all of Austin, for appellees.

HUGHES, Justice.

Believing S. B. 438 [1] to be unconstitutional, we could not concur in the opinion of Chief Justice Archer; we do, however, adopt his statement of the case.

We have no difficulty in ascertaining the legislative intent as expressed in the Bill, nor do we have any quarrel with the political or economic philosophy which may have prompted its enactment. Our only pertinent conviction is that the Constitution of Texas forbade enactment of this law.

There are two separate and distinct constitutional provisions and two separate and distinct Retirement Systems involved here.

The first constitutional provision, in point of time, was for the establishment of a retirement system for persons "employed in public schools, colleges and universities, supported wholly or partly by the State". [2]

This amendment provided that " * * * no person shall be eligible for a pension under this Amendment who has not taught twenty years in the State of Texas * * * "; also, that "the recipients of such retirement fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas," unless that portion of such retirement fund contributed by the State is released to the State.

The other constitutional provision involved provides for the establishment of a "Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the State". [3] It makes no reference to the Teachers Pension Amendment.

The State Employees Retirement Amendment does not require any specific length of service as a qualification for receipt of benefits but it does provide that "the recipients of benefits from said fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas," unless the portion of such fund contributed by the State is released to the State.

Section 4–E of the Enabling Act under this amendment [4] provides that "No member shall be entitled to a retirement allowance until he has accumulated ten (10) or more years of creditable service in Texas." This "creditable service" is, in part, made up from "prior service," that is, services rendered prior to the establishment of the Retirement System. Sec. 4 of the Act. This "creditable service" is used in determining the eligibility for retirement and

1. Acts 51st Leg.Reg.Sess.1949, ch. 454, p. 835, Art. 6228c, V.A.C.S..

2. Sec. 48a, Art. III, Tex.Constitution, Amendment adopted Nov. 3, 1936.

3. Sec. 62(a), Art. XVI, Tex.Constitution, Amendment adopted Nov. 5, 1946.

4. Art. 6228a, V.A.C.S.

the amount of benefits to be paid under the Act. Section 5.

"Prior service" and "creditable service" are similarly treated in the Enabling Act to Teacher Retirement System Amendment to the Constitution.[5]

■ The purpose of S.B. 438 is to merge the Teacher Retirement System and the State Employees Retirement System in so far as "prior service" and "creditable service" is concerned, i. e. "prior service" under either system would be "creditable service" under either system. Of note, however, is the fact that this Act requires at least twenty years of joint creditable service in order to be eligible for retirement. Sec. 4(a).

Section 5 of S.B. 438 provides: "The Board of Trustees of each of the Retirement Systems shall jointly establish rules and regulations to carry out the provisions of this Act; and the Comptroller is authorized, upon request by one System desiring to make its funds available through the other System, to transfer accrued funds and interest from one System to the other for eventual disbursement to the member concerned so as to effectuate the purposes of this Act."

Bearing in mind the above constitutional and statutory provisions let us first discuss the case of Mr. Gaines. For the purpose of this discussion it will be assumed that Mr. Gaines has been employed by the University for thirteen years following seven years service as Assistant Attorney General, and that he is otherwise qualified for and is now demanding a pensioner's rights under the Teacher Retirement Amendment to the Constitution and the Enabling Act passed thereunder.

The Constitution, which is the source of Mr. Gaines' rights and the provisions of which the Legislature cannot alter, answers this demand of Mr. Gaines by saying: You are not entitled to a pension because you have not "taught twenty years in the State of Texas," and you have not "been employed in public schools, colleges and universities, supported wholly or partly by the State," for a period of twenty years.

■ It is no answer for Mr. Gaines to say, as he does, that while he has served only thirteen years with the school system he has served seven years in the Attorney General's Department, for the simple reason that the Constitution has conditioned the right to a pension under this provision upon twenty years service with the school system, and the Legislature was without power to say that twenty years service with the school system means thirteen years with the school system and seven years with the Attorney General's Department.

Mr. Gaines has never been a member of the State Employees Retirement System because his service as such employee terminated before such system became effective. There are, therefore, no funds accumulated to his credit in such system to be transferred to the Teacher Retirement System under Sec. 5 of S.B. 438. Since, however, retirement benefits are based, in part, upon prior service, the result of this situation here is that the Teacher Retirement Fund would be depleted to the extent that Mr. Gaines' pension is based upon his service as a State employee without any corresponding contribution from that System.

■ This, in our opinion, constitutes an encroachment upon the Teacher Retirement Fund which is wholly unwarranted by the Constitution. As we understand the Constitution this Retirement Fund is for the benefit of teachers eligible under the Constitution, and statutes consistent therewith, to receive it. Participation therein by all others is necessarily excluded by implication. It is our duty to protect this fund against all non-teacher claims.

Considering now the case of Mr. Farrar, it appears that he is and has been a member of the State Employees Retirement System since its inception in 1947, and that, in addition to creditable prior service allowed him as a State employee (other than as a teacher), he seeks credit for six years when he was a teacher in our public school system. He is entitled to this credit if the provisions of S.B. 438 authorizing it are constitutional.

5. Art. 2922–1, V.A.C.S.

■ Having already held a portion of this Bill unconstitutional, it probably follows that the entire Act is invalid under the rule that if the valid and invalid portions of an act are so interwoven that they cannot be separated so as to leave a complete act capable of being executed in accordance with the legislative intent. 9 Tex.Jur., p. 464. This is true even though the Act, as here contains a severability clause. City of Houston v. State ex rel. City of West University Place, Tex.Civ.App., 171 S.W.2d 203, reversed on other grounds, 142 Tex. 190, 176 S.W.2d 928.

The provisions of this Act are so essentially reciprocal and mutual concerning the two retirement systems that we cannot say with any degree of certainty that the Legislature would have provided that State employees could add their service as teachers to their creditable service, unless teachers could add their service as State employees to their creditable service.

■ We do not rest our decision on this point, however, because we are of the opinion that Sec. 5 of S.B. 438 is prohibited by both constitutional amendments under consideration and that the invalidity of this provision fatally affects the entire Act.

Section 5, supra, provides for the transfer of funds from the Teacher Retirement Fund to the State Employees Retirement Fund, and vice versa, "for eventual disbursement to the member concerned so as to effectuate the purposes of this Act."

Each of the constitutional provisions here involved provides that the " * * * recipients of such retirement fund shall not be eligible for any other pension retirement funds * * *."

■ These words mean, if they mean anything, that teachers may not receive pensions payable out of the State Employees Retirement Fund (or any other fund), and that State employees may not receive pensions payable out of the Teacher Retirement Fund (or any other fund).

Yet, Sec. 5 of S.B. 438 expressly provides to the contrary. It states in plain and simple language that funds belonging to the Teacher Retirement System may be transferred to the State Employees Retirement System for eventual disbursement to the member concerned," who would be a State employee. This is direct statutory authority for a State Employee to be eligible for and to receive benefits from two Retirement System Funds. This the State Employees Retirement Constitutional Amendment prohibits.

Similarly, said Sec. 5 provides for a teacher to be eligible for and to receive benefits from two Retirement System Funds, which is prohibited by the Teacher Retirement System Constitutional Amendment.

■ Section 5, supra, is therefore unconstitutional. Without this section the purpose of the Act cannot be fulfilled. The funds to pay the increased and accelerated pensions would not be available. The entire Act is, therefore, void.

■ We consider timely and appropriate the decision and language of the Supreme Court in City of Fort Worth v. Howerton, Tex.Sup., 236 S.W.2d 615. The court there held that a pension plan adopted and put in force by the City of Fort Worth for its police officers under authority of a constitutional amendment could not be altered by the Legislature without the consent of the City, the court saying:

"The system created under Article 6243i undertakes to affect the rights and obligations accrued under the system adopted by the City of Fort Worth under a constitutional provision. Clearly this creates a conflict, and the rights accrued under the constitutional provision must prevail. The provisions of the Constitution were adopted by the people, while statutes are enacted by the Legislature; and the Legislature may enact, repeal, or amend statutes, but it does not have the power to repeal or amend the provisions of the Constitution. That power rests exclusively with the people.

"It is the general policy of the law, where rights have been fixed under a constitutional provision, that the Legislature is without power to destroy or impair such rights. It is also the general rule that the Legislature does not have power to

enact any law contrary to a provision of the Constitution, and if any law, or part thereof, undertakes to nullify the protection furnished by the Constitution, such law or part thereof, that conflicts with the Constitution is void. * * *

"We hold that certain rights, duties, and obligations have been created by the City of Fort Worth under the pension system adopted under the provisions of Section 51–e of Article 3 of the Constitution and involved here, and the Legislature is not authorized to change the plan, as is undertaken by Article 6243i, without the consent of the City of Fort Worth, and that that part of the law which undertakes to do so is inoperative as against the City of Fort Worth."

Our decision here is based upon the principles stated so clearly by Judge Sharp in the Howerton case.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by their suit.

Reversed and rendered.

ARCHER, C. J., dissents.

ARCHER, Chief Justice (dissenting).

This is a mandamus suit. The appellees (relators below, one of whom is a member of the Teacher Retirement System of Texas, the other a member of the Employees Retirement System of Texas) on behalf of themselves and of other persons similarly situated in their class instituted mandamus proceedings to compel the Boards of Trustees of the Teacher Retirement System, the Employees Retirement System, and the Executive Secretaries of each respective Board (respondents below) to carry out the provisions of Senate Bill 438, Acts 51st Leg., R.S.1949, ch. 454, p. 835, Art. 6228c, Vernon's Ann.Civ.St. More specifically, to compel appellants herein to review, allow and credit any and all additional prior service to which they together with all persons similarly situated in their class are rightfully entitled under such Senate Bill 438, and to issue a proper certificate evidencing such additional prior service credit in accordance with that law.

The cause submitted to the court without the aid of a jury was tried and heard on an agreed statement of facts. The judgment of the 98th District Court of Travis County, Texas, was as prayed for by appellees.

There are two appellees in this proceeding who instituted this suit both for themselves and for other persons similarly situated in their class. Mr. Gus Farrar, one appellee, by reason of his employment in the Department of Comptroller of Public Accounts of Texas, is and has been a member of the Employees Retirement System of Texas since its inception, September 1, 1947. H.B. 168, Acts 50th Leg., R.S.1947, ch. 352, p. 697, Art. 6228a, V.A.C.S., as amended. Under this Act creditable prior service, that is, service rendered by him prior to September 1, 1947, as an employee in the State offices of the Comptroller of Public Accounts and the State Banking Commissioner, has been credited to him by the Employees Retirement System. Thus, considering the Employees Retirement Act itself and alone, this appellee has been credited with all the prior service to which he is entitled thereunder. But, prior to his employment by the State Comptroller, prior to the establishment of the State Employees Retirement System, and even prior to the inception of the Teacher Retirement System itself in 1937, the appellee Farrar was a teacher in the public school system of Texas for six scholastic years. He has never been a member of the Teacher Retirement System. It is for these six years of teaching service that he demands additional prior service credit and which he contends is creditable towards his retirement under the provisions of Senate Bill 438, Acts 51st Leg., R.S. 1949, ch. 454, p. 835, Art. 6228c, V.A.C.S., hereinafter referred to as the Joint Retirement Law.

The other appellee, Mr. Scott Gaines, by reason of his present employment by the University of Texas and since May 1, 1938, is and has been a member of the Teacher Retirement System of Texas, beginning May 1, 1938. S.B. 47, Acts 45th Leg., R.S.1937, ch. 470, p. 1178, Art. 2922–1, V. A.C.S., as amended. This appellee has

never been credited under the Teacher Retirement Law itself for prior service, that is, service performed as a State employee prior to the establishment of the Teacher Retirement System. Nor has he ever been a member of the Employees Retirement System. But prior to his employment by the University of Texas and prior to the establishment of the Employees Retirement System in 1947, the appellee Scott Gaines was employed in the Attorney General's Department of the State of Texas from January 1, 1931 to April 30, 1938. It is for the seven years intervening these dates when the appellee was a State employee in an employment not covered by the Teacher Retirement System Law itself, that this appellee demands prior service credit and which years he contends are creditable toward his retirement under the provisions of the Joint Retirement Law of 1949.

Appellants take the position (1) that the appellee Gus Farrar, or the persons similarly situated in his class, are not entitled to additional prior service credit sought herein under the Teacher Retirement Law or the Joint Retirement Law; (2) that the appellee Scott Gaines, or the persons similarly situated in his class, are not entitled to the additional prior service credit sought herein under the Employees Retirement Law or the Joint Retirement Law.

This appeal is founded on two points assigned as error.

Point No. 1: "The trial court erred in granting relief to relators and thereby holding in effect that Senate Bill 438, Acts 51st Leg., R.S.1949, Ch. 454, p. 835, to be constitutional."

Point No. 2: "The trial court erred in overruling respondents' special exception to relators' original petition to the effect that no fixed or established right of the relators, or those for whom litigation was initiated, had been violated.".

The preamble of Senate Bill No. 438 reads as follows:

"Whereas, The Teacher Retirement System of Texas under the provisions of Chapter 470, Acts, Regular Session, 45th Legislature, as amended, and the Employees Retirement System of Texas under the provisions of Chapter 352, Acts, Regular Session, 50th Leglislature, as amended, provide retirement benefits for all members who are State employees and pay retirement annuities based upon prior and membership service creditable under the terms of said Acts but only for service accumulated in one System without regard to any service accumulated in the other System; and

"Whereas, as a matter of fact, whether such service is creditable under one of said Acts or the other, same was in any event performed in the public service and for the welfare and benefit of the State because any service creditable under the Employees Retirement System Act has or will contribute either directly or indirectly to the instruction offered by and in State supported colleges or institutions or agencies of this State, and vice versa, and inasmuch as State employees in said colleges, institutions, schools, or agencies who have service creditable under the Teacher Retirement Act have contributed directly to the benefit of the State; and

"Whereas, under said Acts no provision is made for the crediting and allowing of resulting benefits to a person who is a member of the Teacher Retirement System for prior service that would be otherwise creditable under the Employees Retirement System Act, and vice versa, to a person who is a member of the Employees Retirement System for prior service as a State employee that would be otherwise creditable under the Teacher Retirement System Act, and further that when a member of one of the retirement Systems changes his position of employment with the State to a position of employment with the State covered by the other Systems, such employee thereby loses all benefits gained and/or service creditable for retirement purposes under the first employment, although as a matter of fact, both positions are one employment by the State of Texas. This results in working an unfair hardship on such employee and a detriment to the efficient and proper administration of

the State's business. Consequently, this situation necessitates the passage of this Act making all prior service as a State employee creditable under one of these Systems to be also creditable under the other, in order that a person employed by the State will not be denied by reason of his employment or change of his employment the right to retirement benefits based upon total State service."

Senate Bill 438, insofar as it may be pertinent to the facts and question herein presented, provides:

"Section 1. Effective September 1, 1949, any person who is a member of either the Teacher Retirement System of Texas under the provisions of Chapter 470, Acts, Regular Session, 45th Legislature, (1937), as amended, or the Employees Retirement System of Texas under the provisions of Chapter 352, Acts, Regular Session, 50th Legislature, (1947), as amended, and if such person had also been a member of said System for a period of two (2) years prior to September 1, 1949, and/or if any person became a member of either System after September 1, 1947, but before September 1, 1949, and continued in such employment for a period of five (5) consecutive years, then such member shall be entitled to receive credit and resulting benefits for any and all prior service creditable as prior service for employment under the provisions of either of said Acts and the respective Boards of Trustees are hereby instructed to review the prior service of the employees who were members on September 1, 1949, under either Act to permit said members to claim such additional prior service as provided herein and to include same in the prior service certificates to be issued; or if a prior service certificate has been issued, to adjust and effect an amended prior service certificate after such additional prior service claimed has been properly verified as provided in the provisions of the two Retirement Acts.

\*    \*    \*    \*    \*    \*

"Sec. 4. Any person who has accumulated creditable service between both Systems as provided herein may retire with joint creditable service between the two Systems after completing:

"a. Twenty (20) years of joint creditable service in Texas and upon attaining the age of sixty (60) years;

"b. Twenty-five (25) years of joint creditable service in Texas, although not in service at the time the age of sixty (60) years is attained, but only when the members shall have attained the age of sixty (60) years and only in instances where the member has not withdrawn his contributions from either System;

"c. Thirty (30) years of joint creditable service regardless of the age attained.

"Sec. 5. The Board of Trustees of each of the Retirement Systems shall jointly establish rules and regulations to carry out the provisions of this Act; and the Comptroller is authorized, upon request by one System desiring to make its funds available through the other System, to transfer accrued funds and interest from one System to the other for eventual disbursement to the member concerned so as to effectuate the purposes of this Act."

Section 48a of Article III of the Constitution of Texas, Vernon's Ann.St., commonly known as the "Teacher Retirement Amendent," provides:

"In addition to the powers given to the Legislature, under Section 48 of Article III, it shall have the right to levy taxes to provide a Retirement Fund for persons employed in public schools, colleges and universities, supported wholly or partly by the State; provided that the amount contributed by the State to such Retirement Fund shall equal the amount paid for the same purpose from the income of each such person, and shall not exceed at any time five per centum of the compensation paid to each such person by the State, and/or school districts, and shall in no one year exceed the sum of One Hundred Eighty ($180.00) Dollars for any such person; provided no person shall be eligible for a pension under this Amendment who has not taught twenty years in the State of Texas, but shall be entitled to a refund of the moneys paid into the fund.

" \*  \*  \* ; and provided that the recipients of such retirement fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas,

unless such retirement fund, contributed by the State, is released to the State of Texas as a condition to receiving such other pension aid."

Section 62 (a) of Article XVI of the Constitution of Texas, Vernon's Ann.St., commonly referred to as the "State Employees Retirement Amendment," provides:

"(a) The Legislature shall have the right to levy taxes to provide a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the State; provided that the amount contributed by the State to such Fund shall equal the amount paid for the same purpose from the income of each such person, and shall not exceed at any time five per centum (5%) of the compensation paid to each such person by the State, and shall in no one year exceed the sum of One Hundred and Eighty Dollars ($180) for any such person.

" * * * ; and provided that the recipients of benefits from said Fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas, unless the Fund, the creation of which is provided for herein, contributed by the State, is released to the State of Texas as a condition to receiving such other pension aid."

I believe that Senate Bill No. 438, Acts 51st Legislature (1949), Chap. 454, p. 835, is constitutional and valid, and that the trial court did not err in granting the relief to relators, and did not err in overruling respondents' special exceptions to relators' original petition.

Pursuant to the authority of Section 48a, Article III, adopted as an amendment to the Constitution of Texas Vernon's Ann. St., in 1936, the Legislature in 1937 enacted the Teacher Retirement System Act, Ch. 470, Acts 1937, 45th Leg. p. 1178, Art. 2922-1, Vernon's Texas Annotated Statutes. Subsequently, pursuant to the authority of Section 62a, Article XVI, adopted as an amendment in 1946, the Legislature in 1947 established the Employees Retirement System of Texas. Ch. 352, Acts 1947, 50th Leg. p. 697; Art. 6228a, Vernon's Annotated Civil Statutes.

Although these two retirement systems were set up by these several acts as separate and independent organizations, both as to management, funds and qualifications for membership, nevertheless, the plan of insurance adopted for each is for all practical purposes the same plan. It provides a system for teachers and state employees whereby qualified members of each system might be retired for length of service or disability, and provides for retirement or disability benefits in the form of annuities payable in part out of sums contributed by the State equal to the members' accumulated contributions. All funds thus accumulated, except those sufficient to meet immediate payments that might become due each year, were to be invested by the respective boards of trustees in government bonds, and the net income to be reinvested from time to time in like manner.

It provides for the retirement of members who have attained the proper age and who have completed the required number of years of creditable service. Upon retirement the member is entitled to receive a retirement allowance in the form of an annuity which was the actuarial equivalent of the sums of his service and membership in the particular system. The member's retirement allowance was to be derived from the accumulated contributions credited to his personal account in the "Saving Fund" at the time of retirement plus certain credits allowed by these Acts for prior service. Creditable service for retirement purposes was to consist of the membership service rendered by a member since he became such member plus the amount of any prior service credited to him in his prior service certificate required to be issued to such member by the terms of these Acts.

I recognize the rule that every law passed by the Legislature of this State is valid, unless its enactment is prohibited by some provision of the Constitution of the United States, or of this State, either expressly or by necessary implication. Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155.

In City of Denison v. Municipal Gas Co., Tex.Civ.App., 257 S.W. 616, 618, affirmed

117 Tex. 291, 3 S.W.2d 794, the rule is stated: "It is ever to be borne in mind by the court that is called upon to strike down a legislative enactment that, whenever it is reasonably possible to do so, the statute assailed as being unconstitutional must be so construed as to give it force and validity. A legislative enactment is the solemn exercise of governmental power by a co-ordinate branch of government bound by the same duty as is the judicial department to respect and conform its actions to the Constitution. It is to be presumed that the Legislature has acted in conformity with the fundamental law, and therefore the presumption always is in favor of the constitutionality of a legislative act. In measuring the enactment attacked, if any doubt intrudes to affect the conclusion of the court, such doubt must be resolved in favor of the statute and its constitutionality sustained unless by every fair construction its invalidity clearly and palpably appears."

In Texas Highway Comm. v. El Paso Bldg. & Const. Tr. Council, Tex.Sup., 234 S.W.2d 857, 863, the Supreme Court quoted from Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66: " '(8) Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.' "

It is true that the Teacher Retirement System only afforded protection for one particular class of public employees of the State, that is to say, those defined to be "teachers" under the Act; and it was, for the very evident purpose of enlarging and extending this type of insurance to the other State employees that the Legislature submitted and the people adopted the Employees Retirement Amendment.

As said in Collingsworth County v. Allred, 120 Tex. 473, 40 S.W.2d 13, 15:

"The fundamental purpose in construing a constitutional provision is to ascertain and give effect to the intent of the framers and of the people who adopted it. Aransas County v. Coleman-Fulton Pasture Co., 108 Tex. 216, 191 S.W. 553; Cox v. Robison, 105 Tex. 426, 150 S.W. 1149; Simmons v. Lightfoot, 105 Tex. 212, 146 S.W. 871.

"The Constitution must be read as a whole, and all amendments thereto must be considered as if every part had been adopted at the same time and as one instrument, and effect must be given to each part of each clause, explained and qualified by every other part. Gilbert El. R. Co. v. Kobbe, 70 N.Y. 361. Different sections, amendments, or provisions of a Constitution which relate to the same subject-matter should be construed together and considered in the light of each other. Dullam v. Willson, 53 Mich. 392, 19 N.W. 112, 51 Am.Rep. 128; State v. Port of Astoria, 79 Or. 1, 154 P. 399."

Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138.

These amendments represent but an adoption of a phase of that broader social philosophy which recognizes the fact that protection of employees against financial distress caused either by unemployment, disability or old age should be made more definite and dignified by law as a matter of public policy, than to permit such employees to depend upon public charity for relief under such circumstances.

The unemployment compensation law was adopted for the benefit of employees in this State in a similar legislation by the Legislature, and was held valid in the case of Friedman v. American Surety Co., 137 Tex. 149, 151 S.W.2d 570.

When these amendments are construed together it is apparent that it was their combined purpose to provide security for the State's public employees in case of disability or old age; and as a natural result of this the public service was benefited in two ways: (1) by encouraging competent and faithful employees to remain in the

public service of the State and refrain from embarking on other vocations; and (2) by retiring from the public service those, who, by devoting their best energies for a long period of years to the performance of the duties of public office or employment, have by reason thereof, or of advanced age, become incapacitated from performing such duties.

Unless this construction is given these amendments, then, if a person is once classified in one or the other of these two retirement systems, he cannot thereafter change his employment with the State from one such classification to another, nor can the State transfer or reassign such employees from one classification to the other without such employee losing the benefit of his prior service accumulative for retirement purposes under the system of which he is a member. This result appears to us to be contrary to the intent and purposes of such amendments.

The Legislature has defined the terms "teacher" and "taught" to mean a person rendering service to organized public education, etc., and all regular services contributing directly and indirectly to the instruction offered by and through the teachers as that term is defined. Article 2922–1, V.A.C.S.

Subsequently the term "auxiliary employee" was defined. Chap. 139, Acts 51st Leg., p. 244; Sub-sec. 3A, Sec. 1, Art. 1.

The Legislature in the enactment of the statute in question has determined that the service of an employee has been valuable to the public schools, regardless of the type of employment, and this is a legislative matter.

I recognize that while a legislative interpretation is not conclusive upon the courts, yet it is entitled to great weight and should not be departed from unless manifestly erroneous. City of Denison v. Municipal Gas Co., Tex.Civ.App., 257 S.W. 616, affirmed, 117 Tex. 291, 3 S.W.2d 194.

Under the provisions of S. B. 438, the Comptroller is authorized, upon request, to transfer accrued funds from one system to the other for disbursement to the member concerned so as to effectuate the purposes of the Act.

In this connection when a person is a member of either system, he has, or should have, to his credit his contributions, which remain his and are subject to withdrawal in event of non-membership; and when a member of either system reaches the point of eligibility for retirement benefits, either by reason of credit for joint service as between the two systems or complete service under one of said systems, he shall, nevertheless, be eligible to participate in the funds of the system of which he is a member at such time, and not eligible to participate in the funds of both systems by reason of any so-called joint retirement program.

Public education is a division of the government, and our public schools are, essentially, state schools, and the Legislature has power to control their operation. See Mumme v. Marrs, Supt. of Public Instruction, et al., 120 Tex. 383, 40 S.W.2d 31, for a full discussion of the Public School System. See also, Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20.

The Teacher Retirement System Act defines the term "employer" to mean the State of Texas, etc. Sec. 1, Sub. sec. 5, Ch. 139, Acts 1949, 51st Leg. p. 244.

I, therefore, see that both the Teacher and State Employees Amendments cover the same subject-matter; consequently the two systems are required to be construed together in order to harmonize their provisions, and make effective their separate and combined purposes.

By reason of the adoption of the State Employees Amendment, the scope and meaning of the former Teacher Amendment has been changed and broadened by combining its original purpose and intent with that of the latest amendment, and such combined intent and purpose discloses an implied authorization for the Legislature to enact a statute like Senate Bill No. 438, so as to permit the crediting and allowance of resulting benefit for joint creditable service between said systems for retirement purposes of a member of either system.

A person becoming eligible for retirement by reason of an accumulation of joint service credit as between the two systems would not necessarily thereby become eligible to be the recipient of two pension funds from the State, in violation of the pertinent provisions of the Constitution prohibiting a recipient of a pension payable out of one fund from receiving any other pension retirement fund, or other direct aid from the State. This is so because such person would be entitled only under said Act to be the recipient of one pension payable out of the funds of the system under which he finally accumulated the required number of years of joint public service, making him eligible for retirement as a member of that particular system, and not a member of the two different systems. This would be the proper construction to be accorded the Act if necessary in order to uphold its validity, and also the proper way of administering it.

The Act further instructs and directs the respective Boards of Trustees to review the prior service of employees, in order to permit them to claim such additional prior service, and to include any such prior service, or additional prior service, in a certificate to be issued to such member.

Appellants, as members of said respective Boards of Trustees, have consistently refused to review the claims of such members for such credit and to adjust and allow proper credit for such service and to issue certificates thereon, because of their contention that said law is unconstitutional.

Thus was made the prima facie case for mandamus in favor of appellees against appellants in showing (1) a clear existing legal right in appellees, (2) a corresponding legal duty imposed upon appellants to grant them this right, and (3) a refusal and failure on the part of appellants to perform the duty imposed upon them by the statute.

In Board of Insurance Commissioners v. Sproles Motor Freight Lines, Tex.Civ.App., 94 S.W.2d 769, 775, par. 8 (Er. Ref.), where the apparent language clashed with the intent, it was declared: "In our construction of this statute, we have endeavored to as-

certain the legislative intent, based upon well-settled rules of statutory construction. One of the earliest rules for our guidance was announced by the Supreme Court in the case of Russell v. Farquhar, 55 Tex. 355, in the brief statement, 'it is the duty of the court "to try out the right intendment" of the law,' which rule has been many times quoted and followed and even broadened by adding to the above-quoted clause, 'and, when found to observe and follow it though there may be a conflict between its intent and words.'"

The above opinion, not meeting the approval of my brethren, it is herewith respectfully filed as my dissent. In my opinion, the judgment of the trial court should be affirmed.