

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

December 19, 1956

Honorable Earl Rudder
Chairman, Veterans' Land Board
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. S-223

Re: Eligibility of members of
the Legislature to parti-
cipate in the Veterans'
Land Program.

In regard to your recent letter requesting an opinion from this office as to whether members of the Legislature are eligible to participate in the Veterans' Land Program, you are respectfully advised as follows:

Section 18 of Article III of the Constitution of Texas provides in part:

"... Nor shall any member of the Legislature be interested, either directly or indirectly in any contract with the State, or any county thereof, authorized by any law passed during the term for which he shall have been elected."

Standing alone, Section 18 would possibly preclude a Legislator who was a member of the Legislature when any of the Veterans' Lands Acts were passed from participating in the Veterans' Land Program. However, subsequent to the ratification of Section 18, the Constitution was amended to create the Veterans' Land Program, which amendment is contained in Section 49b of Article III and which provides in part:

"The lands of the Veterans' Land Fund shall be sold by the State to Texas Veterans of the present war or wars, commonly known as World War II, and to Texas Veterans of service in the armed forces of the United States of America subsequent to 1945, as may be included within this program by legislative act, in such quantities, and on such terms, and at such prices and rates of interest, and under such rules and regulations as are now provided by law, or as may hereafter be provided by law."

Nothing in Section 49b excludes any class of veterans, whether they be Legislators or not, from purchasing lands under the program. It will be noted that the above quoted language from the constitutional amendment provides that lands will be sold to veterans of World War II

and to veterans "as may be included within this program by legislative act." The Veterans' Land Act, Article 5421m, Vernon's Civil Statutes, as passed by the Legislature to implement the above constitutional amendment and as amended, defines the term "veteran" in the following language:

> "Sec. 14. The term 'veteran' as used in this Act, and the phrase 'Texas veterans of the present war or wars, commonly known as World War II', and the phrase 'Texas veterans of service in the armed forces of the United States of America subsequent to 1945', as used in Section 49-b of Article III of the Constitution, or as same may be amended, shall be synonymous and shall be construed for the purpose of this Act to mean any citizen of the United States, male or female, over eighteen (18) years of age, who served not less than ninety (90) days, unless sooner discharged because of a service-connected disability, on active duty in the Army, Navy, Air Force, Coast Guard or Marine Corps of the United States between September 16, 1940 and March 31, 1955, and who upon the date of filing his or her application has not been dishonorably discharged from the branch of the service in which he or she served, and who at the time of his or her enlistment, induction, commission or drafting was a bona fide resident of this State, and who at the time of seeking the benefits of this Act is a bona fide resident of this State."

There is no provision in the Texas Veterans' Land Act and its amendments which excludes any class of veterans from the above definition; and these were laws of the Legislature that were passed under the mandate and direction of the constitutional amendment, Section 49b of Article III, passed by the people of Texas.

Since the constitutional amendment setting up the Veterans' Land Program and defining who may purchase lands under the Land Program, was the last expression of the will of the people, any provision of the Constitution which previously existed must, in case of conflict, yield to the subsequent amendment. See 9 Tex. Jur. 429, Amendments Sec. 20; State v. Brownsen, 94 Tex. 436, 61 S.W. 114 (1901); State v. Vinson, 217 S.W. 402, 405 (Tex.Civ.App. 1919), affirmed 235 S.W. 1084 (1921); Gillespie v. Lightfoot, 103 Tex. 359, 127 S.W. 799 (1910); Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147 (1943); and Farrar v. Trustees of Employees Retirement System, 150 Tex. 572, 243 S.W.2d 688 (1951). Here, the people of Texas have willed in Section 49b that veterans, whether they be members of the Legislature or not, should be eligible to buy land under the Veterans' Land Program.

## SUMMARY

Members of the Legislature are eligible to participate in the Veterans' Land Program as set up by the constitutional amendment, Section 49b of Article III, and the legislative acts passed under its direction -- and such eligibility is not affected by their being members of the Legislature at the time of the submission of the constitutional amendment to the people, at the time of the adoption of the amendment by the people, or at the time the legislative enactments were passed to implement the amendment.

APPROVED:

John Reeves
Reviewer

W. V. Geppert
Reviewer

Mary K. Wall
Special Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Lonny F. Zwiener
Lonny F. Zwiener
Assistant