

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 16, 1967

Honorable John Connally
Governor of Texas
Capitol Station
Austin, Texas

Dear Governor Connally:

Opinion No. M-95

Re:  Constitutionality of
     House Bill 83, Acts
     60th Legislature, 1967,
     Regular Session

House Bill 83 amends Article 6228b, Vernon's Civil Statutes, by adding thereto a new section to be known as Section 2B.  This new provision provides as follows:

"The time served in the Legislature of the State of Texas and as a County Judge in the State of Texas by any Judge coming within the purview of this Statute shall be credited to the length of judicial service."

Section 1-a of Article V of the Constitution of Texas, as last amended, provides, in part, as follows:

"Subject to the further provisions of this Section, the Legislature shall provide for the retirement and compensation of Justices and Judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their reassignment to active duty where and when needed. . . ."

The addition of Section 2B to Article 6228b would have the effect of allowing service in the Legislature and service as a County Judge to be credited, for retirement purposes, to the length of judicial service of one covered by the judicial retirement provisions of Article 6228b and Article V, Section 1-a of the Constitution of Texas.

We are of the opinion that the decision in the case of Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al, 150 Tex. 572, 243 S.W.2d 688 (1951) would apply to House Bill 83 and that House Bill 83 is unconstitutional.

-430-

The events prior and subsequent to the decision in Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al, supra, should be considered in connection with a determination of the constitutionality of House Bill 83. In 1936 Article III, Section 48a of the Constitution of Texas was adopted by the people of the State of Texas. This constitutional provision set up a system of retirement for teachers in the State of Texas.

In 1946 the people of the State of Texas adopted Section 62 of Article XVI of the Constitution of Texas. Subsection (a) thereof established a system of retirement for appointive officers and employees of the State. /A subsequent amendment to this constitutional provision extended the system of retirement to elective as well as appointive officials.7

In 1949 the Legislature enacted Article 6228c, Vernon's Civil Statutes, which allowed a teacher to be given retirement credit for services rendered as an employee of the state and in turn allowed a state employee to receive credit for retirement purposes for time served as a teacher. Subsequent to the enactment of Article 6228c, an employee of the state and a teacher sought to invoke the provisions of Article 6228c by seeking to be given credit for prior services. The state employee sought to receive credit for prior service as a teacher, and the teacher sought to receive credit for prior services as a state employee. The retirement systems refused to give these two individuals credit for their prior services on the grounds that they considered that Article 6228c was unconstitutional. The teacher and the state employee brought suit against the retirement systems and in Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al, supra, the Supreme Court held that:

". . . . if one's retirement benefits as an employee are to be based in part on services rendered years ago as a teacher, the Employees Retirement Fund will be to that extent depleted. That result would not serve the dominant purpose of the Employees Amendment as above discussed, in fact, it would be antagonistic to it. And the same would be true as to the Teachers Amendment if one's benefits thereunder are based on and paid in part for, service as an employee rendered long before that amendment was adopted. Sec. 48a of Art. III of the Constitution, supra, clearly restricts teacher retirement benefits to teachers, while Sec. 62 of Art. XVI, supra, with equal clarity restricts

employee retirement benefits to employees. It follows that neither can be suffered to encroach upon the other; nor can any other retirement system be permitted to encroach upon either of them, until the Constitution is amended to permit it."

Subsequent to the decision in Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al, supra, Section 63 of Article XVI of the Constitution of Texas was adopted. This constitutional provision authorized members of the Teacher Retirement System to be given credit for prior service rendered by them as an appointive officer or employee of the state. In addition, this constitutional provision authorized members of the Employees Retirement System to be given credit, for retirement purposes, for prior services as a teacher.

The provisions of House Bill 83 give members of the judicial retirement program credit, for retirement purposes, for prior services performed as a member of the Legislature or as a County Judge and not solely those services performed as District or Appellate Judges as contemplated by Section 1-a of Article V of the Texas Constitution and Article 6228b. In Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al, supra, the Supreme Court held unconstitutional Article 6228c which had attempted to do almost exactly what is being attempted in House Bill 83. Article 6228c attempted to give teachers, appointed officials and employees of the state, retirement credit for employment in activities other than those covered by the retirement system of which they were members. House Bill 83 is presently attempting to give District and Appellate Judges credit, for retirement purposes, for services rendered other than as a District or Appellate Judge. As the effect of House Bill 83 is almost identical in nature to that attempted by Article 6228c, we are of the opinion that the reasoning and logic of Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al, supra, applies and that House Bill 83 is unconstitutional as it violates the provisions of Section 1-a of Article V of the Constitution of Texas.

Consequently, in the absence of a constitutional amendment allowing members of the judicial retirement system to be given credit for prior services as a member of the Legislature or as a County Judge, any attempt by statutory enactment to allow such credit would be in violation of the Constitution.

## S U M M A R Y

House Bill 83, Acts of 60th Legislature, 1967,

Regular Session, which provides for giving members of the judicial retirement system credit, for retirement purposes, for time served in the Legislature of the State of Texas or as a County Judge in this State, is in violation of Section 1-a of Article V of the Constitution of Texas, and is therefore unconstitutional. <u>Farrar vs. Board of Trustees of Employees Retirement System of Texas, et al</u>, 150 Tex. 572, 243 S.W.2d 688 (1951).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by J. C. Davis and Pat Bailey
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Ralph Rash
W. O. Shultz
Houghton Brownlee
Jack Sparks

A. J. CARUBBI, JR.
Staff Legal Assistant