

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711    *See H-𝟖-5*

April 7, 1971

Honorable L. DeWitt Hale          Opinion No. M-830
Chairman, Judiciary Committee
House of Representatives          Re:  Construction of House Bill
State Capitol                          806 of the 62nd Legislature,
Austin, Texas  78711                   R.S. 1971, as it relates to
                                       the Judicial Retirement
Dear Mr. Hale:                         System of Texas.

          Your request for an opinion reads in part as follows:

          "H.B. 806 will convert numerous Courts of
          Domestic Relations and Juvenile Courts into State
          District Courts of general jurisdiction.  Such
          a conversion, as you are well aware, would
          transfer the financing of these Courts from the
          several counties to the State of Texas.  Such a
          conversion would also result in making these
          judges eligible for coverage under the Judicial
          Retirement System.  It is this last result which
          has caused the need for an opinion from your of-
          fice.

          "Many of these Judges are now members of and
          participate in the Texas County and District Re-
          tirement System, for which regular payroll de-
          ductions are made.  Some of the Judges have been
          participating in this system for many years.  They
          are naturally concerned as to their status under
          such system should their Court be converted from
          local to State financing.  The Judiciary Committee
          desires to protect the rights of all of these fine
          Judges and to write the conversion statute in such
          a way that each Judge can obtain the maximum cover-
          age possible under one or the other of the two
          retirement systems.

          "To enable the Judiciary Committee to draft
          this Bill in an intelligent way, we would deeply
          appreciate your official opinion answering the
          following questions:

-4020-

"(1)   If these Courts are converted to District Court status, can the Judges elect to retain their membership in the Texas County and District Retirement System by continuing to make voluntary contributions thereto?

"(2)   If these Judges can elect to retain membership in the Texas County and District Retirement System, and they do elect to do so, can they thereby avoid the necessity for participating in the Judicial Retirement System?

"(3)   If these Courts are converted to District Court status, is it mandatory that each of the Judges join the Judicial Retirement System, or can they waive participation in such system by electing to retain membership in the Texas County and District Retirement System?

"(4)   If these Judges elect to join the Judicial Retirement System, can they legally buy or otherwise obtain credit for time served on the bench prior to the date of conversion?

"(5)   If these Judges elect or are required to join the Judicial Retirement System, are they legally entitled to a refund of all contributions theretofore made to the Texas County and District Retirement System?

"(6)   If these Courts are converted to District Court status, is it legally possible for these Judges to maintain membership in both retirement systems?

"(7)   If any of these Judges has already qualified for a vested retirement benefit under the Texas County and District Retirement System, and such Judge after the conversion serves as District Judge long enough to vest a retirement benefit under the Judicial Retirement System, can he then legally draw benefits from both systems once he reaches retirement age?"

Membership in the Judicial Retirement System of Texas is limited to "Justices and Judges of the Appellate Courts and

District and Criminal District Courts".   Article V, Section 1-a, Constitution of Texas.

Subsection (a) of Section 62 of Article XVI of the Constitution of Texas provides in part:

". . . Persons participating in a retirement system created pursuant to Section 1-a of Article V of this Constitution shall not be eligible to participate in the Fund authorized in this subsection; and persons participating in a retirement system created pursuant to Section 48-a of Article III of this Constitution shall not be eligible to participate in the Fund authorized in this subsection except as permitted by Section 63 of Article XVI of this Constitution. Provided, however, any officer or employee of a county as provided for in Article XVI, Section 62, Subsection (b) of this Constitution, shall not be eligible to participate in the Fund authorized in this subsection, except as otherwise provided herein.   . . ."

Prior to the adoption of Section 63 of Article XVI of the Constitution of Texas a similar question was involved in Farrar v. Board of Trustees of Emp. Retirement System of Tex., 150 Tex. 572, 243 S.W.2d 688 (1951), relating to the Teacher Retirement System and the State Employees Retirement System. The Supreme Court held:

". . . if one's retirement benefits as an employee are to be based in part on services rendered years ago as a teacher, the Employees Retirement Fund will be to that extent depleted. That result would not serve the dominant purpose of the Employees Amendment as above discussed, in fact, it would be antagonistic to it.   And the same would be true as to the Teachers Amendment if one's benefits thereunder are based on and paid in part for, service as an employee rendered long before that amendment was adopted.   Sec. 48a of Article III of the Constitution, supra, clearly restricts teacher retirement benefits to teachers, while Sec. 62 of Article XVI, supra, with equal clarity restricts employee retirement benefits to employees.   It follows that neither can be

suffered to encroach upon the other; nor can
any other retirement system be permitted to en-
croach upon either of them, until the Constitution
is amended to permit it."

Subsequent to the Farrar decision, Section 63 of Article
XVI was adopted to allow members of the Teacher Retirement System
and members of the Employees Retirement System to receive credit
for service and membership in both retirement systems.  Section
63, however, is limited to the Teacher Retirement System and the
Employees Retirement System.  Furthermore, as above noted, such a
blending of the Judicial Retirement System with another retirement
system is specifically prohibited by Section 62 of Article XVI of
the Constitution of Texas.

You are therefore advised that the Legislature may not
constitutionally authorize benefits under the Judicial Retirement
System to be based in part on services rendered as a member of
another retirement system, and likewise the Legislature may not
constitutionally authorize benefits of the District and County
Retirement System to be based in part on services rendered as
a member of the Judicial Retirement System.  Farrar v. Board of
Trustees of Emp. Retirement System of Tex., supra.

Your questions are accordingly answered as follows:

(1)  Judges of District Courts of general jurisdiction
created by the provisions of H.B. 806 may not retain their member-
ship in the Texas County and District Retirement System;

(2)  Judges of District Courts of general jurisdiction
created by the provisions of H.B. 806 automatically become mem-
bers in the Judicial Retirement System;

(3)  Judges of District Courts of general jurisdiction
created by the provisions of H.B. 806 may not waive participation
in the Judicial Retirement System;

(4)  Judges of District Courts of general jurisdiction
created by the provisions of H.B. 806 may not obtain credit for
services rendered as a member of the Texas County and District
Retirement System;

(5)  Such Judges are legally entitled to a refund of
contributions made to the Texas County and District Retirement
System on termination of their membership in such system;

(6)    Such Judges may not maintain membership in both retirement systems; and

(7)    Such Judges may not legally draw benefits from both systems upon reaching retirement age.

## S U M M A R Y

The Legislature may not constitutionally au-thorize benefits under the Judicial Retirement System to be based in part on services rendered as a member of another retirement system, and likewise the Legislature may not constitutionally authorize benefits of the District and County Retirement System to be based in part on services rendered as a member of the Judicial Retirement System.  Farrar v. Board of Trustees of Emp. Re-tirement System of Texas, 150 Tex. 572, 243 S.W.2d 688 (1951); Article V, Section 1-a, Texas Consti-tution; Article XVI, Section 62, Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
　　NOLA WHITE
　　First Assistant

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
J. C. Davis
John Grace
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant