Honorable Joseph N. Murphy, Jr. Executive Director Employees Retirement System of Texas P. O. Box 12337, Capitol Station Austin, Texas 78711
Re: Credit of legislative service for judicial retirement.
Dear Mr. Murphy:
You have requested our opinion regarding the crediting of legislative service for judicial retirement. Specifically, you ask whether section 2B of article 6228b, V.T.C.S., is constitutional. That statute provides:
 2B. The time served in the Legislature of the State of Texas by any judge coming within the purview of this statute shall be credited to the length of judicial service.
In Attorney General Opinion M-830 (1971), this office, relying on the Supreme Court's decision in Farrar v. Board of Trustees of Employees Retirement System of Texas, 243 S.W.2d 688 (Tex. 1951), stated:
 [t]he Legislature may not constitutionally authorize benefits under the Judicial Retirement System to be based in part on services rendered as a member of another retirement system. . . .
In light of this opinion, we believe that, at least in 1971, section 2B of article 6228b was unconstitutional.
In 1975, however, the voters approved article XVI, section 67, of the Texas Constitution, which, inter alia, authorized the legislature to "enact general laws establishing systems and programs of retirement. . . ." The subsection relating to the Judicial Retirement System now provides, in pertinent part:
 (d) Notwithstanding any other provision of this section, the system of retirement, disability, and survivors' benefits heretofore established in the constitution or by law for justices, judges, and commissioners of the appellate courts and judges of the district and criminal district courts is continued in effect. . . .
Attorney General Opinion H-1073 (1977) held that the ratification of article XVI, section 67 was sufficient to remove doubt about the constitutionality of a statute which permitted the transfer of retirement credit from the County and District Retirement System to the Judicial Retirement System. The statute under consideration there, however, section 1.08(b) of article 1926a, V.T.C.S., had been originally enacted in 1977, subsequent to the ratification of article XVI, section 67. By contrast, the statute at issue here, section 2B of article 6228b, was enacted in 1969, and has not been amended.
It is well established that a statute which is forbidden by the Constitution at the time of its passage is absolutely null and void, and is not validated by a subsequent amendment to the Constitution authorizing it to pass such an act. State ex rel. Rogers v. Swanson, 219 N.W.2d 726, 729 (Neb. 1974). See also Grayson-Robinson Stores, Inc. v. Oneida, Ltd.,75 S.E.2d 161, 163 (Ga. 1953), cert. denied, 346 U.S. 823 (1953); State ex rel. Stevenson v. Tufly, 22 P. 1054 (Nev. 1890); Dullam v. Wilson, 19 N.W. 112 (Mich. 1884). To hold that a constitutional amendment is curative of an unconstitutional statute would give the amendment the effect of enacting laws instead of merely authorizing the legislature to do so, and it would be to enact a law to which no reference was made, and which the people in adopting the amendment could not have had in mind.
Bonaz v. Smith, 65 P. 309, 310 (Cal. 1901). Unless the amendment itself specifically validates a previously unconstitutional statute, as in Hutchinson v. Patching, 126 S.W. 1107 (Tex. 1910), the statute remains void and may be made effective only by reenactment. Grayson-Robinson Stores, supra, at 164. We conclude, therefore, that section 2B of article 6228b is presently unconstitutional. Accordingly, legislative service may not be credited for purposes of calculating judicial retirement eligibility or benefits.
 SUMMARY
Section 2B of article 6228b, V.T.C.S., which authorized the crediting of legislative service for purposes of calculating judicial retirement benefits, remains unconstitutional and has not been revived by the ratification of article XVI, section 67
of the Texas Constitution.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General