

# THE ATTORNEY GENERAL
## OF TEXAS

December 2, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Bobby Joe Mann
Palo Pinto County Attorney
P. O. Box 1450
Mineral Wells, Texas  76067

Opinion No. JM-829

Re:  Whether a taxing unit may grant a homestead exemption to persons 65 years of age or older while denying the exemption to disabled persons (RQ-1247)

Dear Mr. Mann:

Article VIII, section 1-b, of the Texas Constitution and section 11.13 of the Tax Code contain the provisions either requiring or authorizing the various types of political subdivisions to grant or offer the various types of residence homestead exemptions from ad valorem taxation. Article VIII, section 1-b(b), of the Texas Constitution and section 11.13(d) of the Tax Code authorize taxing units to grant to two specified classes of persons a so-called "optional" residential homestead exemption in an amount not less than $3,000. You ask whether the governing body of a taxing unit may offer such an exemption either to the class of persons who are 65 years of age or older or to the class of persons who are disabled without offering the exemption to both. We conclude that the governing body of a taxing unit may offer the residence homestead exemption to one of the specified classes without offering it to both.

Article VIII, section 1-b(b), of the Texas Constitution contains the following relevant language:

> (b) From and after January 1, 1973, the governing body of any county, city, town, school district, or other political subidvision of the State may exempt by its own action not less than Three Thousand Dollars ($3,000) of the market value of residence homesteads of persons, married or unmarried, including those living alone, who are under a disability for purposes of payment of disability insurance benefits under Federal Old-Age, Survivors, and

Disability Insurance or its successor or of married or unmarried persons sixty-five (65) years of age or older, including those living alone, from all ad valorem taxes thereafter levied by the political subdivision. As an alternative, upon receipt of a petition signed by twenty percent (20%) of the voters who voted in the last preceding election held by the political subdivision, the governing body of the subdivision shall call an election to determine by majority vote whether an amount not less than Three Thousand Dollars ($3,000) as provided in the petition, of the market value of residence homesteads of disabled persons or of persons sixty-five (65) years of age or over shall be exempt from ad valorem taxes thereafter levied by the political subdivision. <u>An eligible disabled person who is sixty-five (65) years of age or older may not receive both exemptions from the same political subdivision in the same year but may choose either if the subdivision has adopted both</u>. (Emphasis added.)

Section 11.13 of the Tax Code contains the following relevant language:

. . . .

(d) In addition to the exemptions provided by Subsections (b) and (c) of this section [setting forth the so-called "mandatory" residence homestead exemptions that must be granted by school districts], an individual who is disabled or is 65 or older is entitled to an exemption from taxation by a taxing unit of a portion (the amount of which is fixed as provided by Subsection (e) of this section) of the appraised value of his residence homestead if the exemption is adopted either:

(1) by the governing body of the taxing unit; or

(2) by a favorable vote of a majority of the qualified voters of the taxing unit at an election called by the governing body of the taxing unit, and the governing body shall call the election on

> the petition of at least 20 percent of the number of qualified voters who voted in the preceding election of the taxing unit.
>
> (e) The amount of an exemption adopted as provided by Subsection (d) of this section is $3,000 of the appraised value of the residence homestead unless a larger amount is specified by:
>
> > (1) the governing body authorizing the exemption if the exemption is authorized as provided by Subdivision (1) of Subsection (d) of this section; or
> >
> > (2) the petition for the election if the exemption is authorized as provided by Subdivision (2) of Subsection (d) of this section.
>
> (f) Once authorized, an exemption adopted as provided by Subsection (d) of this section may be repealed or decreased or increased in amount by the governing body of the taxing unit or by the procedure authorized by Subdivision (2) of Subsection (d) of this section. In the case of a decrease, the amount of the exemption may not be reduced to less than $3,000 of the market value.

In construing a statute, we are required to give effect to the evident intent of the legislature when it enacted the provision. _Minton v. Frank_, 545 S.W.2d 442, 445 (Tex. 1976); _Calvert v. Texas Pipe Line Co._, 517 S.W.2d 777, 780 (Tex. 1974). A close reading of section 11.13 of the Tax Code, however, does not reveal whether the legislature intended that governing bodies be allowed to grant residence homestead exemptions to only one of the specified classes and not to the other. The extant legislative history of the section fails to disclose any evidence of legislative intent. But language in the authorizing constitutional provision does.

The relevant sentence of article VIII, section 1-b(b) declares: "An eligible disabled person who is sixty-five (65) years of age or older may not receive both exemptions from the same political subdivision in the same year but may choose either _if the subdivision has adopted both_." (Emphasis added.) The controlling principle in giving

effect to a constitutional amendment is to give effect to the intention of the framers of the amendment and of the people who adopted it. Gragg v. Cayuga Independent School District, 539 S.W.2d 861, 865-66 (Tex. 1976), appeal dism'd, 429 U.S. 973 (1977); Farrar v. Board of Trustees of Employees Retirement System of Texas, 243 S.W.2d 688, 692 (Tex. 1951). Language in a constitutional amendment must be presumed to have been carefully selected, and the words used are to be interpreted as the people generally understood them. Leander Independent School District v. Cedar Part Water Supply Corp., 479 S.W.2d 908, 912 (Tex. 1972). We may not construe the constitution in a way that thwarts the will of the people by reading into the constitution language that is not included therein, or by construing the constitution differently from its plain meaning. Cramer v. Shepherd, 167 S.W.2d 147, 154 (Tex. 1943).

It is clear that the legislature intended, when it proposed the amendment, and the people intended, when they adopted the amendment, that political subdivisions be empowered to offer the "optional" residence homestead exemption to one of the specified classes of persons without offering it to both. Accordingly, we conclude that the governing body of a taxing unit may offer the residence homestead exemptions to one of the specified classes of persons, i.e. either persons who are 65 years of age or older or persons who are disabled, without offering the residence homestead exemption to both.

### S U M M A R Y

Pursuant to article VIII, section 1-b(b) of the Texas Constitution and section 11.13(d) of the Tax Code, the governing body of a taxing unit may offer the so-called "optional" residence homestead exemption to one of the specified classes of persons, i.e. either persons who are 65 years of age or older or persons who are disabled, without offering the residence homestead exemption to both.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General