

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-15-00150-CV

CHENG H. MAH, APPELLANT

V.

EMPLOYEE RETIREMENT SYSTEM OF TEXAS;
AND ANN BISHOP, EXECUTIVE DIRECTOR OF ERS
IN HER OFFICIAL CAPACITY, APPELLEES

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-14-002398, Honorable Gisela D. Triana, Presiding

November 24, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Chen H. Mah appeals a final judgment of the district court affirming ERS's order denying his request to purchase service credit. Mah brings forth a single issue, through which he contends that the trial court erred, as a matter of law, in determining that he was not eligible to purchase employee class service credit for his work at the University of Texas. We will affirm the district court's final judgment.

Factual and Procedural Background

The factual background involved in this appeal is not contested. Accordingly, we will recite only those facts necessary for our decision.

Mah contends that he has two periods of employment at UT that entitles him to service credit with ERS. First, during 1984-85, Mah was employed as a game area attendant at UT. Second, during the 1985-86 school year, Mah was employed as Tech Staff Asst. I/Computer Operator II at UT.

After leaving UT, Mah was employed by two different state agencies from 1988 through his retirement in 2015. In these positions, he was a contributing member of ERS. Upon reaching a decision to retire, Mah first attempted to purchase service credit for his time at UT through the Teacher Retirement System in 2011. TRS denied the request with the notice that his employment at UT was not eligible because he was not employed at least twenty hours per week during 1984-85. Regarding his employment during 1985-86, he was required to be a student at UT as a condition of employment, which made him statutorily ineligible for TRS service credit.

In June 2012, Mah sought to obtain service credit through ERS. ERS denied the request and a contested case proceeding followed. After a full hearing before an Administrative Law Judge from the State Office of Administrative Hearings, the ALJ ruled that Mah was not eligible to purchase the service credits through ERS for his employment at UT. Subsequently, ERS adopted the ALJ's conclusion in a final order. Mah then filed suit in a district court in Travis County, attempting to overturn ERS's decision to deny service credits. After a hearing on the merits, the district court issued

an order affirming the decision of ERS to deny service credits. Mah then perfected his appeal of the district court's final order.[1]

Mah's single contention before this Court is that the trial court committed error in deciding that he was not eligible to receive service credit through ERS. Disagreeing with Mah, we will affirm.

Standard of Review

In the normal appeal of an administrative order, we apply the substantial evidence rule to determine if reversible error is present. *See* TEX. GOV'T CODE ANN. § 815.511(f) (West 2012).[2] However, in the case before the Court, the parties do not contest the facts presented; rather, the only contested issue is a question of statutory construction, which we review *de novo. See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future and Clean Water,* 336 S.W.3d 619, 624 (Tex. 2011).

When conducting a *de novo* review of a statute, our primary goal is to ascertain and give effect to the intent of the legislature. *See TGS-NOPEC Geophysical Co. v. Combs,* 340 S.W.3d 432, 439 (Tex. 2011). We begin with the words chosen by the legislature and, if the statue uses a term with a particular meaning or assigns a particular meaning to a term, we adopt the meaning prescribed by the statute. *See id.* Otherwise, we give the terms their ordinary meaning unless a different or more precise meaning is evident from the context of the term. *See id.* An unambiguous statute is given the interpretation supported by its plain language unless such an interpretation

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] Further reference to the provisions of the Texas Government Code will be by reference to "section ____" or "§ ____."

3

would lead to an absurd result. *See id.* However, if the statute is ambiguous, that is to say, there is more than one reasonable interpretation, we may be required to defer to the construction of the agency charged with enforcement of the statute, provided that interpretation is reasonable and not inconsistent with the text of the statutory provisions. *See Emps. Ret. Sys. of Tex. v. Garcia,* 454 S.W.3d 121, 133 (Tex. App.—Austin 2014, pet. denied). We consider the statute as a whole and avoid construing individual provisions in isolation. *See R. R. Comm'n of Tex.,* 336 S.W.3d at 628. We must also construe statutory provisions within the constraints of the Texas Constitution. *See Tex. Bd. of Chiropractic Exam'rs v. Tex. Med. Ass'n,* 375 S.W.3d 464, 488 (Tex. App.—Austin 2012, pet. denied).

Applicable Constitutional Provisions and Statutes

Article XVI, § 67(b), of the Texas Constitution creates two distinct retirement systems for those employed by the State. *See* TEX. CONST. art. XVI, § 67(b) (West Supp. 2014). These systems are TRS and ERS. Section 67(b) states:

(b) State Retirement Systems

    (1) The legislature shall establish by law a Teacher Retirement System of Texas to provide benefits for persons employed in the public schools, colleges, and universities supported wholly or partly by the state. Other employees may be included under the system by law.

    (2) The legislature shall establish by law an Employees Retirement System of Texas to provide benefits for officers and employees of the state and such state-compensated officers and employees of appellate courts and judicial districts as may be included under the system by law.

*Id.*

4

The Texas Government Code then defines those classes of employees who are covered by ERS and those who are ineligible for coverage by ERS. *See* § 812.003 (West 2012).[3] The section is entitled "Membership in Employee Class." The wording of the section at the time Mah began trying to obtain service credit is as follows:

(a) Except as provided by Subsection (b) and (d), membership in the employee class of the retirement system includes all employees and appointed officers of every department, commission, board, agency, or institution of the state except:

(1) independent contractors and their employees performing work for the state; and

(2) persons disqualified from membership under Section 812.201.

(b) An office or employment that is included in the coverage of the Teacher Retirement System of Texas, the Judicial Retirement System of Texas Plan One, or the Judicial Retirement System of Texas Plan Two is not a position with a department, commission, board, agency, or institution of the state for purposes of this subtitle.

*Id.*

### Analysis

At its core, Mah's argument is that, since he was statutorily ineligible for service credit from TRS but was an employee of the State, he must therefore be eligible for service credit from ERS. To determine this issue, we must consider section 812.003, and article XVI, § 67(b), of the Texas Constitution.

The problem with Mah's contention is that it directly puts in conflict the constitutional requirement of two separate retirement systems, as set forth in article XVI, § 67(b), of the Texas Constitution. *See* TEX. CONST. art. XVI, § 67(b). As pointed out by

---

[3] Section 812.003 was amended by the 83rd Legislature in 2013. *See* Acts 2013, 83rd Leg., R.S., ch. 618, 84, 2013 Tex. Gen. Laws 1644, 1645. This change will be discussed later in this opinion. The statute was again amended by the 84th Legislature but those changes do not impact our holding.

the Texas Supreme Court in 1951, while discussing attempts by a covered member of ERS to gain access to service credit from teaching and a covered member of TRS to gain access to service credit while a State employee, the constitutional provisions then in place clearly restricted teacher retirement benefits to teachers while, at the same time, the constitutional provision then in place clearly restricted employee retirement benefits to members of the ERS. *See Farrar v. Bd. of Trs. of the Emps. Ret. Sys.,* 243 S.W.2d. 688, 693 (Tex. 1951). Further, the court pointed out that neither ERS or TRS "can be suffered to encroach upon the other; nor can any other retirement system be permitted to encroach upon either of them until the Constitution is amended to permit it." *Id.* at 693-94. The Constitution has been amended and renumbered; however, the same basic principle, that is, separate retirement plans for teachers and state employees, is still present. Further, a review of the constitutional provisions do not, in-and-of-themselves, provide for the awarding of service credit in one system by serving in the other system.

To this, we add the following. The statutory language of section 812.003 is equally clear, as applicable to ERS. The statute provides that "[a]n office or employment that is included in the coverage of the Teacher Retirement System of Texas . . . is not a position with a department, commission, board, agency, or institution of the state for purposes of this subtitle." *See* § 812.003(b). It is worth noting that ERS is not alone in taking this approach. TRS, through the constitution, likewise maintains a separate status from ERS, as noted by the ALJ in its recommendation. *See* TEX. CONST. art. XVI, § 67(b)(1).

6

To adopt the position asserted by Mah would require that we ignore the constitutional requirement about separate retirement systems. Further, the record is clear that Mah's employment at UT was ineligible for service credit within the TRS system. First, his employment at UT in 1984-85 was less than twenty hours per week. This fails to meet the definition of employee. The statute sets forth a definition of employee as "a person who is employed, as determined by the retirement system, on other than a temporary basis by a single employer for at least one-half time at a regular rate of pay comparable to that of other persons employed in similar positions." § 821.001(6) (West Supp. 2015). Therefore, because Mah worked less than 20 hours a week, for purposes of TRS, he was not an employee covered by TRS during the 1984-85 school year. Following that, Mah was employed as a computer operator during the 1985-86 school year. As to that employment, the record is clear that Mah was required to be enrolled in school to hold that job. Section 822.002 provides that certain employees of the public school system are not permitted to be a member of TRS. *See* § 822.002 (West 2012). One such category of employee is a person who, as a condition of employment, is required to be a student in the institution. *See* § 822.002(2). Again, the record is clear that, for the school year of 1985-86, Mah's employment as a computer operator required that he be enrolled at UT. Accordingly, he was not eligible for service credit from TRS for that year.

Yet, Mah contends that it is the very fact that he is disqualified for TRS service credit that means he must be qualified for ERS service credit. Under this theory, he explains that he was working for UT which is an institution or agency of the State. Since he could not get credit from TRS, these periods of employment, pursuant to statute,

must be attributable to ERS.  All of this is so because article XVI, § 67(b)(2), of the Texas Constitution contains the phrase "officers and employees of the state."  TEX. CONST. art. XVI, § 67(b)(2).

Mah's construction violates one of the basic tenants of construction of the constitution: that no provision in the constitution should be read or construed in isolation.  *See Vinson v. Burgess,* 773 S.W.2d 263, 265 (Tex. 1989).  By focusing in on only six words in the section, Mah asks that we ignore other considerations.  This, we cannot do.  Such an argument ignores some fundamental truths.

First, there is nothing in the record that demonstrates that Mah made any contribution to TRS, the retirement system he would have been working under had he met the definition of employee and not been otherwise statutorily excluded.  *See* §§ 821.001(6); 822.002(2).  This then leads to the circumstance where, if Mah's contention is upheld, ERS will be tasked with providing benefits to Mah based on service credits for which no contribution was ever made.  This would have a serious impact on ERS.  The Texas Supreme Court warned of such an action in the *Farrar* case.  *See Farrar,* 243 S.W.2d at 693.

Second, such a result would directly conflict with the legislature's stated intent that Mah's service at UT was not creditable, as reflected by the statutory references.  *See TGS-NOPEC,* 340 S.W.3d at 439.  By thwarting the legislature's intent, we end up with an absurd result, which is something we are warned not to do.  *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 177 (Tex. 2004) (holding that, if a statute is unambiguous, a court must adopt an interpretation supported by the plain language of the statute, unless such an interpretation would lead

to an absurd result.)  The corollary to this requirement is that we do not interpret a statute that would lead to an absurd result.  *See id.*

Mah argues further that the plain reading of article XVI, § 67(b)(1) and (2), means that service in a university may be covered by TRS or ERS.  However, Mah's argument is flawed when applied to the facts of the case.  Even were we to assume, *arguendo,* that Mah is correct and that service at a university may be covered by either TRS or ERS, how then do we fund the serviceable credits involved in this action?  Mah provides no answer for that conundrum.  Yet, at the end of the day, Mah's reading of the statute is piecemeal and not in accordance with the plain language.  *See Mega Child Care, Inc.,* 145 S.W.3d at 177.  Therefore, we reject this interpretation.

Mah next contends that the legislative amendment of section 812.003(b) in 2013 undermines the interpretation of the 2012 version of section 812.003(b) proposed by ERS.  In 2013, the 83rd legislature amended subsection (b) to read: "[a]n office or employment that is included in coverage of the Teacher Retirement System of Texas . . . or . . . is with a university system or institution of higher education, as defined by Section 61.003, Education Code, is not a position with a department, commission, board, agency, or institution of the state for purposes of this subtitle."  § 812.003(b).[4]

Mah concludes that, because the legislature sought to specifically mention that employment by a university is not covered by ERS, it must mean that, prior to the amendment, it was covered.  To support this proposition, Mah cites the Court to *TRS v. Cottrell,* for the proposition that the legislature meant to make some change in the existing law by amending section 812.003(b).  *See* 583 S.W.2d 928, 930-31 (Tex. Civ.

---

[4] *See* footnote 3.

9

App.—Austin 1979, writ ref'd n.r.e.). While we agree with the general proposition of law as stated in *Cottrell*, we cannot agree with the conclusion Mah draws from the application of that proposition to the facts before us. Mah asserts that, since the legislature meant to change something, the only thing they could have meant to change is that, before the amendment, Mah was eligible for service credit from ERS. For the reasons enumerated above, however, we have already declined to follow that construction.

ERS suggests that the amendment was simply a clarification of existing law to statutorily support the position they have taken throughout this litigation. We have nothing in the record before us that indicates any specific legislative intent for making the amendment. All we have is two different theories about what was the reason for the amendment. Both theories are rational and reasonable. In construing this statute, we give serious consideration to an agency's construction of the statute, as long as the construction is reasonable and does not contradict the statute's plain language. *See Fin. Comm'n of Tex. v. Norwood,* 418 S.W.3d 566, 585 (Tex. 2013) (citing *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex. 1993)). We find that ERS's construction of the amendment is reasonable and does not contradict the plain language of the statute and, therefore, we will follow that construction. The amendment was simply a clarification of the statutory scheme already in place.

We find that the trial court did not err in construing the statutes at issue. Further, the substantial evidence supports the trial court's decision. *See* § 815.511(f). Accordingly, we overrule Mah's single issue.

Conclusion

Having overruled Mah's single issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice